UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABDUL SHUKUR ABDULRAZAK, | No. 2:19-cv-0127 JAM DB P |
| Petitioner, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| DEAN BORDERS, WARDEN, | |
| Respondent. | |

Petitioner, a former state prisoner[1] proceeding pro se and in forma pauperis, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 while incarcerated. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

////

////

---

[1] On July 24, 2020, petitioner filed a change of address with the court. (ECF No. 24). The address appears to indicate that petitioner is no longer in custody.
   Petitioner's release from prison does not render his petition moot. Incarceration at the time a petition is filed is all that is necessary to satisfy the "in custody" requirement of 28 U.S.C. § 2254(a). See Spencer v. Kemna, 523 U.S. 1, 7 (1998); Comstock v. Humphries, 786 F.3d 701, 704 n.1 (9th Cir. 2015). Because, as discussed, infra, it is clear from the record that petitioner failed to exhaust the claims before this court, in the interest of judicial efficiency, the court declines to consider the question of whether petitioner's release from prison eliminates the case or controversy requirement of Article III § 2 of the Constitution. See U.S. Const. art. III, § 2; see, e.g., Spencer, 523 U.S. at 7-14.

1

Before this court is respondent's motion to dismiss this action. (ECF No. 17). For the reasons stated below, the undersigned shall recommend that respondent's motion to dismiss be granted, and that the court decline to issue a certificate of appealability.

## I.     PROCEDURAL HISTORY

In November 2016, petitioner was convicted of assault by force in violation of California Penal Code Section 245(a)(4); battery with great bodily injury in violation of California Penal Code Section 243(d), and of assault with a deadly weapon, in violation of California Penal Code Section 245(a)(1). (See ECF No. 19-1). An enhancement pursuant to California Penal Code Section 12022.7(a) in relation to the assault by force count was also assessed against petitioner. (See id. at 1). As a result, petitioner was sentenced to five years in state prison. (See id.).

Petitioner appealed his conviction in the California Court of Appeal. In a reasoned opinion, the court affirmed his conviction. (ECF No. 19-2 at 5). In September 2018, petitioner filed a petition for review in the Supreme Court of California. (ECF No. 19-3). On October 31, 2018, the high court summarily denied it. (ECF No. 19-4).

On January 22, 2019, petitioner filed the instant petition in this court. (ECF No. 1). The matter was screened, and on October 25, 2019, respondent was ordered to file a response to it. (ECF No. 14).

On December 19, 2019, respondent filed the instant motion to dismiss on the grounds that petitioner has failed to exhaust any of his claims. (See generally ECF No. 17). At that time, relevant parts of the state record were also lodged with the court. (See ECF No. 19). Petitioner filed a reply to respondent's motion to dismiss on January 6, 2020. (ECF No. 20). On January 21, 2020, respondent filed a surreply. (ECF No. 21).

## II.    DISCUSSION

### A.     Relevant Facts

Respondent asserts that petitioner has failed to exhaust the four claims in the petition in the Supreme Court of California. (See ECF No. 17 at 2-3). As a result, respondent argues, the petition must be dismissed as unexhausted unless petitioner can show that a stay is warranted. (See id. at 3-4).

In response to the motion to dismiss, petitioner contends that he filed his four claims with the California Superior, Appellate and Supreme Courts. (See ECF No. 20 at 3). In addition, amongst other things, petitioner claims that at times he was on lockdown; that he was moved to several different prisons, and that he was given no assistance or legal help with his filings. (See id. at 4-6).

Respondent contends that none of petitioner's statements address the issue at hand, namely, why petitioner did not comply with 28 U.S.C. § 2254(b), which required him to present a fully exhausted federal petition. (See generally ECF No. 21 at 1-2). For these reasons, respondent argues, the petition should be dismissed. (See id.).

### B.  Applicable Law and Analysis

The exhaustion of state court remedies is a prerequisite to granting a petition for writ of habeas corpus under § 2254. 28 U.S.C. § 2254(b)(1)(A). A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985).

Petitioner raises the following claims in the instant petition: (1) that his due process rights were violated when counsel failed to provide an appropriate translator who spoke his dialect; (2) that his due process rights were violated when the prosecutor incorrectly stated to the jury that he was not disabled; (3) that his due process rights were violated when the prosecutor defamed his character based upon his religious practices and faith, and (4) that trial counsel violated his Sixth Amendment right to effective assistance of counsel when he failed to investigate and/or locate evidence and testimony favorable to him and when he failed to "object to [the] exclusion of admissible testimony [that was favorable to him]." (See ECF No. 1 at 5-16) (brackets added).

In contrast, in the petition for review that petitioner presented to the Supreme Court of California, he raised the following singular claim: "Review should be granted to determine whether [petitioner's] trial counsel was prejudicially ineffective for failing to move to exclude evidence of prior instances of misconduct by [petitioner] which was used by the prosecutor to impeach defense witness, Basira Abdulshukur." (ECF No. 19-3 at 11-39) (brackets added).

It is clear on the face of the petition for review that petitioner did not raise Claims One through Three in the instant petition with the Supreme Court of California. (Compare ECF No. 1 at 5-16, with ECF No. 19-3 at 11-39). Thus, these claims have not been exhausted.

As for the ineffective assistance of counsel argument in Claim Four, the court agrees with respondent's contention that the facts used to support it are completely different than the facts used to support the ineffective assistance of counsel claim that was presented to the Supreme Court of California. Specifically, the facts in Claim Four ultimately allege that trial counsel was ineffective because he failed to obtain and present evidence that would have been favorable to petitioner and because he failed to argue to the jury that there were many witnesses that he had been unable to locate or interview. (See ECF No. 1 at 14-15). In contrast, the ineffective assistance of counsel claim raised in the petition for review that was presented to the Supreme Court of California alleged that trial counsel's representation was ineffective because he did not timely object to the prosecutor's elicitation of inadmissible character evidence from petitioner's daughter. (See generally ECF No. 19-3 at 11-39).

Because the ineffective assistance of counsel argument in Claim Four is completely different than the ineffective assistance of counsel claim that was presented to the Supreme Court of California, petitioner has not exhausted Claim Four in this action, either. Furthermore, petitioner fails to make any argument in his reply that there was good cause for his failure to exhaust his claims (see Rhines v. Weber, 544 U.S. 269, 277 (2005)) or that the implementation of a stay is warranted to enable him to return to state court to do so. (See generally ECF No. 20 at 1-7). For these reasons, the undersigned shall recommend that respondent's motion to dismiss the petition for failure to exhaust be granted pursuant to 28 U.S.C. § 2254(b)(1)(A).

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss for failure to exhaust (ECF No. 17) be GRANTED pursuant to 28 U.S.C. § 2254(b)(1)(A), and

2. The court DECLINE to issue the certificate of appealability referenced in 28 U.S.C. § 2253.

////

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within thirty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: November 13, 2020

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:13
DB/ORDERS/ORDERS.PRISONER.HABEAS/abdu0127.dispo.hab.of&r